**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUHAMMAD SIKANDAR KHAN,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No. 17-71908<br><br>Agency No. A209-166-420<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018<sup>**</sup>

Before: CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Muhammad Sikandar Khan, a native and citizen of Pakistan, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and his appeal from an immigration judge's ("IJ") decision

denying his application for asylum, withholding of removal, and relief under the

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The BIA did not abuse its discretion by denying Khan's motion to remand because Khan failed to raise any contentions that would affect the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case.") (quoting *Matter of Coelho*, 20 I & N Dec. 464, 473 (BIA 1992).

As to Khan's claim of past harm and fear of future persecution in Pakistan, the agency did not err in finding that he failed to establish membership in a

cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.' ") (citation omitted). Substantial evidence supports the agency's conclusion that Khan otherwise failed to establish that he was or would be targeted for harm on account of his religion or political opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483(to establish causal nexus to a protected ground, applicant must provide some evidence of motive, direct or circumstantial). Thus, Khan's asylum and withholding of removal claims as to Pakistan fail.

As to Khan's claim of past harm and fear of future persecution in Brazil, substantial evidence also supports the agency's conclusion that he failed to establish he was or would be targeted for harm in Brazil on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Khan's withholding of removal claim as to Brazil fails.

Substantial evidence also supports the agency's denial of CAT relief because

17-71908

Khan failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Pakistan or Brazil. *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**